UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTIN COTO,

    Plaintiff,

v.

CASE NO.:

8:17cv704T30 MAP

CARDINAL GROUP MANAGEMENT & ADVISORY, LLC
d/b/a CARDINAL GROUP MANAGEMENT MIDWEST LLC
and REALCO CAPITAL PARTNERS II, LLC,

    Defendants.

**DEMAND FOR JURY TRIAL**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTIN COTO ("Plaintiff" or "COTO"), by and through her undersigned counsel, sues the Defendants, CARDINAL GROUP MANAGEMENT & ADVISORY, LLC d/b/a CARDINAL GROUP MANAGEMENT MIDWEST LLC ("CARDINAL"), and REALCO CAPITAL PARTNERS II, LLC ("REALCO"), and alleges:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.    That this action arises under Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978 (codified at 42 U.S.C.A. § 2000e (k)), 42 U.S.C.A. § 2000e, *et. seq.*, as amended, and the Florida Civil Rights Act of 1992, §§ 760.01 – 760.11.

2.    That jurisdiction is invoked pursuant to 42 U.S.C.A. § 2000e-5(f); 28 U.S.C.A. §§ 1343 (a)(3) and 1343 (a)(4); 28 U.S.C.A. §§ 1332 and 1367 (a).

3.    That venue properly lies in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because all unlawful employment

Page 1 of 10

practices alleged herein were committed in Hillsborough County, Florida.

4. That at all times material to this Complaint, COTO, a female, was an individual residing in Pasco County, Florida.

5. That at all times material to this Complaint, the Defendant, CARDINAL, was a foreign corporation based out of Colorado which conducted business in the State of Florida, with its primary business purpose in the context of this Complaint, being the management of residential properties including Campus Club USF LLC located at 5651 Fletcher Avenue and College Court USF LLC located at 5610 Graduate Circle, both in Tampa, Hillsborough County Florida.

6. That at all times material to this Complaint, the Defendant, REALCO, was a corporation conducting its business in the State of Florida. At all times material to this Complaint, REALCO was the owner of the Campus Club and College Court properties referenced above.

7. That at all times material to this Complaint, Defendant CARDINAL, was a covered "employer" within the meaning of 42 U.S.C.A. § 2000e and Florida Statutes § 760.02(7) in that CARDINAL employed more than fifteen (15) employees for each working day of twenty (20) or more calendar weeks in each relevant calendar year from and including Plaintiff's hire date through the date of her termination.

8. That at all times material to this Complaint, Defendant, REALCO, was a covered "employer" within the meaning of 42 U.S.C.A. § 2000e and Florida Statutes § 760.02(7) in that REALCO employed more than fifteen (15) employees for each working day

of twenty (20) or more calendar weeks in each relevant calendar year from and including Plaintiff's hire date through the date of her termination.

9. That at all times material to this Complaint, the Defendants operated as "joint employers" of the Plaintiff and Plaintiff is informed, believes, and herein alleges that there is a written agreement between the Defendants that governs their respective rights and responsibilities for the management of its employees, including the Plaintiff.

10. That at all times material to this Complaint, the operations, management and employee relations decisions of the two Defendants were centrally coordinated and/or controlled so that both Defendants jointly determined, shared, or allocated the power to direct, control, or supervise the Plaintiff.

11. That prior to filing this action, the Plaintiff timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge number 511-2016-01717, which was duly filed with the Florida Commission on Human Relations ("FCHR").

12. That on or about January 3, 2017, a Notice of Right to Sue was issued by the EEOC incident to Plaintiff's Charge of Discrimination. A copy of the Notice of Right to Sue is attached hereto and incorporated by reference herein as Exhibit "A".

## **GENERAL ALLEGATIONS**

13. That since on or about April of 2012, the Plaintiff was employed as a Community Manager for the Campus Club and College Court properties referenced above. In 2014, said properties were purchased by the Defendant, REALCO. From 2014 through the date of her termination, Plaintiff's job duties included the sale and or leasing of properties owned by Defendant, REALCO.

14. That on or about October 15, 2015, Defendant, REALCO, hired the Defendant, CARDINAL, to serve as the management company for its properties in Florida.

15. That on or about October 15, 2015, Plaintiff was hired by Defendant, CARDINAL, as a Community Manager to work at the Campus Club and College Court properties. Plaintiff's position was a full time, salaried position, which included various fringe benefits.

16. That shortly after being hired by Defendant, CARDINAL, Plaintiff advised her employers that she was pregnant.

17. That on or about January of 2016, Plaintiff was informed by the Defendant, REALCO, that they were attempting to sell the properties that she managed. Defendant, REALCO, requested at that time that Plaintiff remain as the Community Manager throughout the process of the sale because of her hard work and her exceptional job with the properties.

18. That on or about February 15, 2016, upon the request of the Plaintiff, she received an e-mail from a human resources employee of the Defendant, CARDINAL, outlining the procedures for a proposed maternity leave.

19. That on or about March 9, 2016, Plaintiff received an e-mail from Bobby Child, the Portfolio Manager for Defendant, CARDINAL, concerning a "Red Light Leasing Plan" purportedly to be instituted at all of Defendants' properties.

20. That on or about March 11, 2016, Plaintiff received an e-mail from Christina Tarumoto, the Assistant Portfolio Manager for the Defendant, CARDINAL, which stated that Plaintiff was in first place for the week for her productivity in a "Community v. Community" competition being run at the same time as the "Red Light Leasing Plan".

21. That on or about March 14, 2016, Plaintiff received an e-mail from Lauren Guthrie, the National Trainer for the Defendant, CARDINAL, congratulating Plaintiff on receiving a 100% score on a "Shop Phone Call" that had been completed with the Plaintiff.

22. That on or about March 17, 2016, Plaintiff received her first write up from Defendant, CARDINAL, for her purported failure to reach the "leasing goals" that had been set for the properties that Plaintiff managed.

23. That as a result of receiving a write up, on March 17 and 18 of 2016, Plaintiff called and spoke with her supervisors asking them how many write ups would result in termination of her employment as well as requesting assistance in meeting the "leasing goals" in the future. Plaintiff did not receive an answer to her inquiry, nor did she receive any assistance with achieving her "leasing goals". At all times material to this Complaint, Defendants provided assistance to other Community Managers to help them achieve their leasing goals.

24. That on March 28, 2016, Bobby Child, the Portfolio Manager for the Defendant, CARDINAL, travelled from CARDINAL'S Denver, Colorado office to Tampa.

25. That on March 28, 2016, the Plaintiff called and spoke with Thomas Holtman, the Director of Construction and Operations for Defendant, REALCO, and confided in him that she was concerned for her future employment with Defendants. During this conversation, Mr. Holtman told Plaintiff that her maternity leave was "very bad timing".

26. That on March 28, 2016, the Plaintiff received her second write up from Defendant, CARDINAL, for her purported failure to reach her "leasing goals" that had been set for the properties that Plaintiff managed. The write up was received by Plaintiff via e-mail from Bobby Child.

27. That on March 30, 2016, while working with Plaintiff at the properties she managed, Bobby Child informed Plaintiff that her employment with the Defendants was terminated. Mr. Child informed the Plaintiff that she was terminated due to the fact that she missed her goals for the "Red Light Leasing Plan" for the current week, for which she had received two (2) write ups.

28. That Plaintiff is informed, believes, and herein alleges that during the time that the "Red Light Leasing Plan" was in effect during her employment, one or more properties that were being managed by other employees of the Defendants similarly failed to reach their leasing goals and these employees were not written up nor terminated.

29. That at all times material to this Complaint and during the term of the "Red Light Leasing Plan", Plaintiff was not afforded a reasonable opportunity to "correct" or "cure" any of the alleged deficiencies that were the basis for the write ups given by the Defendants to the Plaintiff. Additionally, the Defendants did not provide the Plaintiff with an

opportunity to "correct" or "cure" any alleged performance issues and no bona fide written progressive discipline plan was ever put into effect with the Plaintiff.

30. That as alleged herein, Plaintiff was written up by the Defendants twice within an eleven (11) day time period and she was terminated within thirteen (13) days of receipt of her first written warning, offering the Plaintiff an unreasonably short period of time to correct or cure the purported performance deficiencies which Defendants claim she had.

## COUNT I

### UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT: THE PREGNANCY DISCRIMINATION ACT OF 1978

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of Title VII of the Civil Rights Act and because of such actions by Defendants, she has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

33. Plaintiff's termination was because of her pregnancy, and the reasons stated by the Defendants for her termination were merely a pre-text given in justification for their termination of Plaintiff because she was pregnant.

34. That as a direct and proximate result of the actions of Defendants as set forth herein, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions by the Defendants,

Plaintiff has been, is being, and will be in the future deprived of income in the form of wages and of prospective benefits that Plaintiff was earning solely because of the Defendants' discriminatory conduct.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A declaration that the acts and practices of Defendants complained of in this Complaint are in violation of Title VII;

b. An order enjoining the Defendants and their employees, agents, and officers from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

c. Damages in the form of back pay for wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

d. Compensatory damages to the maximum extent allowed under the law for past, present, and future mental anguish, loss of dignity, humiliation, and any other intangible injuries sustained by the Plaintiff;

e. Punitive damages to the maximum extent allowed under the law;

f. An award of costs and attorney's fees pursuant to 42 U.S.C.A. § 2000e-f(k);

g. Pre-judgment interest at the prevailing rate from the date Plaintiff was terminated to the judgment on the award of back pay for wages, salary, employment benefits, or other compensation and actual monetary losses sustained by Plaintiff as a result of the foregoing acts;

h. Post judgment interest;

i. Such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNT II
## UNLAWFUL DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

35. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as though fully set forth herein.

36. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of The Florida Civil Rights Act, and because of such actions by Defendants she has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

37. Plaintiff's termination was because of her pregnancy, and the reasons stated by the Defendants for her termination were merely a pre-text given in justification for their termination of Plaintiff because she was pregnant.

38. That as a direct and proximate result of the actions of Defendants as set forth herein, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions by the Defendants, Plaintiff had been, is being, and will be in the future deprived of income in the form of wages and of prospective benefits that Plaintiff was earning solely because of the Defendants' discriminatory conduct.

WHEREFORE, Plaintiff demands judgment against Defendants, as follows:

a. An order declaring that the Defendants have engaged in discriminatory

practices in violation of the Florida Civil Rights Act;

  b.  An order enjoining the Defendants from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

  c.  Back pay and reimbursement for lost benefits, plus pre-judgment interest, court costs, and reasonable attorneys' fees pursuant to Florida Statute §760.11(5);

  d.  Punitive and compensatory damages pursuant to Florida Statute §760.11, including but not limited to, damages for mental anguish, loss of dignity and any other intangible injuries sustained by the Plaintiff together with any other and further relief as this Court deems just and proper;

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

MICHAEL A. SERRANO, ESQUIRE
Trial Counsel
Florida Bar Number 527221
The Law Firm of Michael A. Serrano, P.A.
25275 Wesley Chapel Blvd
Lutz, Florida 33559
(813) 929-4231
(813) 948-1905 Facsimile
mike@mikeserranolaw.com
Attorney for Plaintiff