UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTIN COTO,

      Plaintiff,

                                     Civil Action No. 8:17-CV-00704-JSM-MAP

v .

CARDINAL GROUP MANAGEMENT &
ADVISORY, LLC d/b/a CARDINAL GROUP
MANAGEMENT MIDWEST LLC and
REALCO CAPITAL PARTNERS II, LLC,

      Defendants.

---

**DEFENDANT REALCO CAPITAL PARTNERS II, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

Defendant RealCo Capital Partners II, LLC ("RealCo") by counsel, Gordon & Rees LLP, hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, and as grounds for dismissal states as follows:

**INTRODUCTION**

Plaintiff filed suit against Defendant Cardinal Group Management & Advisory, LLC d/b/a Cardinal Group Management Midwest LLC ("Cardinal") along with RealCo. [ECF 1]. Although the principal focus of the Complaint is Plaintiff's employment discrimination claims against Cardinal, the Complaint also includes claims against RealCo for pregnancy discrimination under Title VII and gender discrimination under the Florida Civil Rights Act. *Id*. Plaintiff alleges she was employed by both Cardinal and RealCo and that she was therefore

terminated by both Cardinal and RealCo, and that because Cardinal and RealCo were her "joint employers," she is entitled to relief from RealCo as well as from Cardinal.

As shown below, the Court should dismiss the Complaint against RealCo for failure to state a plausible claim for employment discrimination against RealCo under Rule 12(b)(6). The written agreement between Cardinal and RealCo establishes that RealCo was not Plaintiff's employer when she was terminated by Cardinal and the Complaint fails to allege sufficient facts from which a "joint employer" relationship may reasonably be inferred. Because the Complaint fails to state a plausible claim for relief against RealCo, it should be dismissed. It should also be dismissed because Plaintiff has not shown that she had exhausted her state and federal adminis-trative remedies against RealCo.

## STATEMENT OF FACTS

The following facts are taken as true for the purpose of this Motion to Dismiss only:

1.    Plaintiff was previously employed as a Community Manager for two residential properties in Tampa, Campus Club and College Court. (Complaint [ECF 1], ¶¶ 5, 13, 15.)

2.    The Campus Club and College Court properties have been owned by RealCo since 2014, but have been managed by Defendant Cardinal since at least 2012. (Complaint, ¶¶ 5, 6, 13, 14.)

3.    Plaintiff was hired as Community Manager by Defendant Cardinal in October 2015. (Complaint, ¶ 15.)

4.    Plaintiff's job performance was overseen on a daily basis by Defendant Cardinal, which both rewarded and disciplined her for her job performance. (Complaint, ¶¶ 19-26.)

5.    Cardinal and RealCo entered into Master Service Agreement (MSA) on October 1,

2015 (Exhibit A) which governs their respective rights and responsibilities as property manager

and owner of the Campus Club, College Court and other properties.

6.      The MSA defines "Cardinal Employees" at § 1.8 as:

Those persons employed by Cardinal as direct, on-site staff (e.g., senior staff, assistant staff, leasing consultants and maintenance employees) for the Property, including, but not limited to, any employees who work at the Property on a part-time or temporary basis; provided, however the obligations of RealCo and each Owner hereunder shall only extent[sic] to the services performed by such Cardinal Employees with respect to a Property.

7.      The MSA does not contain a corresponding definition of "RealCo Employees"

and does not make any reference to employees of RealCo, or to "Cardinal Employees" as also

being employees of RealCo.

8.      Section 3.6(a) of the MSA provides that, with respect to "Cardinal Employees":

***Cardinal shall hire, train, instruct, direct, pay, promote, supervise, discipline and discharge the work of the Cardinal Employees in accordance with Cardinal's policies and procedures*** and the Approved Budget. Cardinal shall have in its employ at all times a sufficient number of capable Cardinal Employees to enable it to properly, adequately, safely and economically provide the Services to the Property. [Emphasis added].

9.      Section 3.6(a)(ii) of the MSA further provides in pertinent part that, with respect

to "Cardinal Employees:"

***All matters pertaining to the employment, supervision, compensation, promotion and discharge of Cardinal Employees shall be the responsibility of Cardinal. Cardinal Employees shall be employees of Cardinal or an affiliate of Cardinal and not of RealCo or Owner. Cardinal shall full and exclusive responsibility and liability for compliance with all employment laws, statutes, ordinances, licensing requirements, rules and regulations related to Cardinal Employees*** including, without limitation, payment of all federal, state, and local payroll taxes, withholding taxes, unemployment insurance and social security (including, without limitation, FICA, OSHA and ERISA), worker designation pursuant to the federal Fair Labor Standards Act (FLSA) or other governmental acts, ordinances or agencies (including exempt versus non-exempt status), applicable workers' compensation programs and all other assessments imposed under any laws or regulations which are measured by salaries, wages, or other remuneration paid or payable by Cardinal to Cardinal Employees with respect to any Services performed at the Property in con-

nection with this Master Agreement. [Emphasis added].

10.     Plaintiff alleges that on or about March 9, 2016, she received an e-mail from Bobby Child, Cardinal's Portfolio Manager, concerning a "Red Light Leasing Plan" to be instituted at the Campus Club and College Court properties. (Complaint, ¶ 19.)

11.     Plaintiff alleges that on or about March 17, 2016, she received a "write up" from Cardinal for her purported failure to reach the leasing goals that had been set for the properties she managed. (Complaint, ¶ 22.)

12.     Plaintiff alleges that on March 28, 2016, Cardinal's Portfolio Manager Bobby Child travelled from Cardinal's Denver, Colorado, office to Tampa, Florida. (Complaint, ¶ 24.)

13.     Plaintiff alleges that on March 28, 2016, she received her second write up from Bobby Child via email for her purported failure to reach the leasing goals set for the properties she managed. (Complaint, ¶ 26.)

14.     Plaintiff alleges that her employment as Community Manager was terminated by Bobby Child on behalf of Cardinal on March 30, 2016. (Complaint, ¶ 27.)

15.     Regarding RealCo, Plaintiff alleges only that, on March 28, 2016, she contacted Thomas Holton, Director of Construction and Operations at RealCo, regarding her concern for her job following the write ups.  She alleges that Mr. Holton told her that her maternity leave was "very bad timing."  (Complaint, ¶ 25.)

16.     The Complaint alleges at ¶¶ 11-12 that before filing this action, Plaintiff timely filed a written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), number 511-2016-01717, which was duly filed with the Florida Commission on Human Relations (FCHR), and that in January 2017, a Notice of Right to Sue was issued

by the EEOC incident to Plaintiff's Charge of Discrimination (*see* Exhibit A to Complaint). However, the Complaint does not allege that Plaintiff timely filed a written Charge of Discrimination against RealCo with the EEOC of FCHR or that that the EEOC or FCHR issued a Notice of Right to Sue RealCo.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face. " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 680. Legal conclusions, however, do not receive this treatment. *Id.* Such allegations, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-80.

While a complaint attacked by a motion to dismiss for failure to state a claim on which relief can be granted does not need detailed factual allegations, a plaintiff 's obligation to provide

the grounds of entitlement to relief requires "more than labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document to a motion to dismiss. In that instance, the document is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment. *Dimanche v. Lake County Sheriff's Off.*, 2012 U.S. Dist. LEXIS 59665, *5 (M.D. Fla. Apr. 30, 2012) (citing *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009)); *see also Asset Prot. Plans, Inc. v. Oppenheimer & Co.*, 2011 U.S. Dist. LEXIS 68959, *7-8 (M.D. Fla. 2011) (dismissing complaint where document properly attached to motion to dismiss contradicted allegations and was dispositive of issue).

A document attached to a motion to dismiss may be considered by the Court without converting the motion to dismiss into a motion for summary judgment if it is central to the plaintiff's claim and its contents are not in dispute. *See, e.g. Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). When an exhibit contradicts the general and conclusory allegations of the pleading, the exhibit governs. *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *Dimanche*, 2012 U.S. Dist. LEXIS 59665 at *5.

## ARGUMENT

I.     **Because RealCo Was Not Plaintiff's Employer, the Complaint Fails to State a Plausible Claim for Employment Discrimination Against RealCo.**

It is axiomatic that a plaintiff can only bring an employment discrimination claim against

her "employer." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998). *See Peppers v. Cobb County*, 835 F.3d 1289, 1297 (11th Cir. 2016) ("A Title VII workplace discrimination claim can only be brought by an employee against his employer."). However, under the "joint employer" theory of liability, there are situations in which a plaintiff may be able to show that two ostensibly separate entities should be treated as a single integrated enterprise. *See Id.* Although Plaintiff appears to rely on this theory to hold RealCo liable in this action (*see* Complaint at ¶ 9), the allegations in the Complaint and the Contract demonstrate that RealCo is not Plaintiff's qualified employer for purposes of Title VII, and Cardinal and RealCo were not joint employers of Plaintiff. Instead, the Contract makes clear that the only relationship between the parties was property manager and owner.

To decide whether any particular entity is a qualified employer for purposes of Title VII, the basic question is "who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (en banc). *See Peppers*, 835 F.3d at 1297. Among the basic factors considered are: (1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment. *Peppers*, 835 F.3d at 1297; *Llampallas*, 163 F.3d at 1243.

A "joint employer" exists only when "two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." *Lyes*, 166 F.3d at 1342. As the Eleventh Circuit explained in *Lyes*, 166 F.3d at 1341, "where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and cond-

tions of employment of the other company's employees, we may treat the entities as 'joint employers" and aggregate them. This is the 'joint employer' test."

The Complaint alleges there is a written agreement between Defendants that governs their respective rights and responsibilities for the management of Cardinal's employees. [ECF 1 at ¶ 9]. Plaintiff has therefore made the written agreement central to her claim that RealCo was a joint employer. The contents of the Master Service Agreement (MSA), however, make clear that Cardinal, not RealCo, is solely and exclusively responsible for the terms and conditions of Plaintiff's employment. *See* Exhibit A. Because the MSA directly contradicts Plaintiff's allegations, it controls over them, and Plaintiff's allegations to the contrary are not entitled to a presumption of truth. *See Dimanche*, 2012 U.S. Dist. LEXIS 59665 at *5.

Section 3.6(a) of the MSA provides that "Cardinal shall hire, train, instruct, direct, pay, promote, supervise, discipline and discharge the work of the Cardinal Employees...." (*See* Ex. A, at p. 13). The MSA thus makes the hiring of employees such as Plaintiff, as well as the training, instruction, supervision, discipline, and discharge of those employees, the sole and exclusive responsibility of Cardinal. In contrast, the MSA confers no right or authority on RealCo to control, direct, or supervise the day-to-day activities of Cardinal's employees.

Section 3.6(a)(ii) of the MSA (Exhibit A) further provides that: "All matters pertaining to the employment, supervision, compensation, promotion and discharge of Cardinal Employees shall be the responsibility of Cardinal," and that "Cardinal Employees shall be employees of Cardinal or an affiliate of Cardinal and not of RealCo or Owner." (Ex A, p. 13). It further provides that "Cardinal shall have full and exclusive responsibility and liability for compliance with all employment laws, statutes, ordinances, licensing requirements, rules and regulations

related to Cardinal Employees." (*Id.*).

Based on the MSA, RealCo not is not the qualified employer of Plaintiff for purposes of Title VII, and RealCo and Cardinal are not "joint employers" of Plaintiff.  By expressly providing in § 3.6(a) that "Cardinal shall hire, train, instruct, direct, pay, promote, supervise, discipline and discharge the work of the Cardinal Employees," and in § 3.6(a)(ii) that "Cardinal Employees shall be employees of Cardinal or an affiliate of Cardinal and not of RealCo or Owner," and that "All matters pertaining to the employment, supervision, compensation, promotion and discharge of Cardinal Employees shall be the responsibility of Cardinal," the MSA negates any possibility that RealCo was Plaintiff's qualified employer. Nothing in the MSA gives RealCo any control over Plaintiff or any other Cardinal employee, and nothing therein gives RealCo the power to hire, train, supervise, control, or direct any Cardinal employees or to modify the terms and conditions of the employee's employment. *See Peppers*, 835 F.3d at 1297.[1]

The same provisions of the MSA also preclude any finding that Cardinal and RealCo are "joint employers." Section 3.6(a)(ii) declares that "Cardinal Employees shall be employees of Cardinal or an affiliate of Cardinal and not of RealCo or Owner." As noted above, the MSA gives all control over Cardinal's employees to Cardinal, and RealCo did not reserve for itself any right to control those employees.  (*See* Ex. A, § 3.6(a) § 3.6(a)(ii).)  Moreover, Cardinal's express assumption of "full and exclusive responsibility and liability for compliance with all

---

[1]Although § 3.6(d) of the MSA does authorize RealCo to ask Cardinal to terminate a Cardinal employee with whom RealCo becomes "dissatisfied," it does not absolutely obligate Cardinal to terminate that employee, but instead provides that "Cardinal shall promptly make all commercially reasonable efforts after receipt of notice from RealCo of such dissatisfaction, reassign and replace such Cardinal Employee with an individual acceptable to RealCo."

employment laws, statutes, ordinances, licensing requirements, rules and regulations related to

Cardinal Employees" in § 3.6(a)(ii) further confirms that Cardinal, not RealCo, had sole

responsibility for the employment of Plaintiff and other Cardinal employees.  More to the point,

nothing in the MSA provides that RealCo will have any control over the employment of Plaintiff.

*See Peppers*, 835 F.3d at 1300.

In *Llampallas v. Mini-Circuits*, the Court found that the alleged co-employer Palmetto

had nothing to do with the termination of the plaintiff, and therefore, could not be held liable

under Title VII. *Llampallas v. Mini-Circuits, Lab, Inc., supra*, 163 F.3d at 1245.

> In this case, [the] adverse employment decision was Llampallas'
> termination from her position as Production Supervisor at Mini-
> Circuits, and Palmetto had absolutely nothing to do with that
> decision. Palmetto had no interaction with Mini-Circuits
> employees. It made no decisions that affected the terms and
> conditions of employment at Mini-Circuits. In fact, it was com-
> pletely uninvolved in the operation of Mini-Circuits.

Here, the Complaint fails to set forth any specific facts that could plausibly support the

conclusion that RealCo exercised the degree of control over the terms and conditions of

Plaintiff's employment sufficient to be a joint employer. It alleges that Plaintiff was hired by

Cardinal, that she was required to comply with Cardinal's policies and programs, that she asked

Cardinal about its maternity leave procedures, that she was rewarded by Cardinal for her job

performance, that she was disciplined by Cardinal, that she sought clarification of her discipline

and job responsibilities from Cardinal, and that she was terminated by Cardinal's agent. (*See*

Complaint, ¶¶ 15, 18-23, 26-27.) Nothing in the Complaint attributes any of this conduct to

RealCo. To the contrary, Plaintiff alleges that Cardinal's employee Bobby Child was her

supervisor, and that he promulgated the leasing goals and terminated her employment for failing

to satisfy those goals. (Complaint, ¶¶ 19, 22, 26-27.) She further acknowledges that Cardinal's

human resources department and policies governed her maternity leave. (Complaint, ¶ 18.) Although she alleges she contacted Thomas Holtman, RealCo's Director of Construction and Operations, to discuss her concern about her future employment, she does not allege that Mr. Holtman played any role in her termination. (Complaint, ¶ 25)

Based on these facts, RealCo was neither a qualified employer of Plaintiff nor her "joint employer" with Cardinal. RealCo cannot be liable for violation of Title VII or for employment discrimination against Plaintiff, particularly where nothing in the Complaint alleges that RealCo had any role in her termination. The Complaint should therefore be dismissed under Rule 12(b)(6) for failure to state a claim against RealCo.

Plaintiff nonetheless alleges in ¶ 10 of her Complaint, in a merely conclusory fashion, that the operations, management, and employee relations decisions of the two Defendants were centrally coordinated and/or controlled so that both Defendants jointly determined, shared, or allocated the power to direct, control, or supervise Plaintiff, notwithstanding the contrary terms and provisions of the MSA. This is exactly the kind of conclusory allegation that *Twombly* directs the Court to disregard, particularly where it is directly contradicted by the MSA's un-ambiguous provisions.  In the Eleventh Circuit, the "integrated enterprise" or "single employer" test is comprised of the following non-dispositive factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987). "The showing required to warrant a finding of single employer status has been described as '*highly integrated* with respect to ownership and operations.'" *Id*. (emphasis supplied). Plaintiff has failed to set forth any facts whatsoever regarding the alleged "integration" of

Cardinal and Realco, let alone facts that would establish that the two entities were "highly integrated" with respect to ownership and operations.

Plaintiff's vague and conclusory allegations are therefore insufficient to immerse RealCo into a dispute that is properly confined to Plaintiff and Cardinal. Because Plaintiff has not alleged sufficient facts to establish that RealCo was a joint employer, the Court should dismiss Plaintiff's Title VII claim against it.

For the same reasons, the Court should also dismiss Plaintiff's Second Claim for Relief based on the Florida Civil Rights Act (FCRA), which also alleges that RealCo terminated Plaintiff and subjected her to disparate treatment because of her gender in violation of The Florida Civil Rights Act. (Complaint, ¶ 36.) Florida courts have held that "decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). As a result, analysis of the state claim is subsumed in analysis of the federal claim. *Gonzalez v. State Dept. of Mgmt. Servs.*, 2017 U.S. App. LEXIS 5135, *7 n.2 (11th Cir. Mar. 23, 2017) (unpublished). Because the same general test for "joint employer" is applied under FLA. STAT. § 760.10 as under Title VII, *see Scott v. Sarasota Doctors Hosp., Inc.*, 145 F. Supp. 3d 1114, 1123 (M.D. Fla. 2015), Plaintiff's state law civil rights claim against RealCo fails for the same reasons her Title VII claim against RealCo fails—RealCo was neither her employer nor her "joint employer" with Cardinal.

## II. Even If Realco Was Plaintiff's Joint Employer, She Has Failed to Allege a Plausible Claim for Relief Against It.

The existence of a joint employer relationship will not in itself render an employer liable for its co-employer's discriminatory actions. *See Jean-Louis v. Clear Springs Farming, LLC,*

2015 U.S. Dist. LEXIS 63427 (M.D. Fla. May 14, 2015); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1355-57 (M.D. Fla. 2003) (holding that even if defendant employment agency is a joint employer, it cannot be held liable for the discriminatory conduct because plaintiff cannot show that it "knew or should have known of the conduct and failed to take corrective measures within its control.")

To be liable under Title VII, the joint employer must have known or should have known of the discriminatory conduct and failed to take prompt corrective measures within its control. *See Jean-Louis v. Clear Springs Farming, LLC*, 2015 U.S. Dist. LEXIS 63427, 13-14 (M.D. Fla. May 14, 2015) (citing *e.g., Lima v. Addeco*, 634 F. Supp. 2d 394, 400-01 (S.D.N.Y. 2009), *aff'd* 375 Fed. Appx. 54 (2d Cir. 2010) ("We also agree with the District Court that even if [the defendants] could be considered a 'joint employer,' [the temporary employment agency] could not be held liable to plaintiff based on that legal theory because there is no evidence that [the agency] either knew or should have known about any of the alleged discrimination.") (citation omitted); *Watson*, 252 F. Supp. 2d at 1355-57 (holding that even if defendant employment agency is a joint employer, it cannot be held liable for the discriminatory conduct because plaintiff cannot show that it "knew or should have known of the conduct and failed to take corrective measures within its control."); *see also Medina v. Adecco*, 561 F. Supp. 2d 162, 178 (D.P.R. 2008).

Here, the only allegations regarding RealCo are that Plaintiff worked at Property owned by RealCo and that, following two write ups, she allegedly expressed concern to Mr. Holton who told her that her maternity leave was "very bad timing." *See* Complaint, *passim*. This falls far short of what is required under *Twombly* to state a plausible claim for relief against RealCo.

Plaintiff does not allege that RealCo was involved in her termination or knew or should have known of any discriminatory action.  Accordingly, the Court should dismiss the Complaint as against RealCo for failure to state a plausible claim for relief.

**III.    The Complaint Must Be Dismissed Because Plaintiff Failed to Exhaust Her Administrative Remedies Against RealCo.**

Under 42 U.S.C. § 2000e-5, a Florida employee who wants to file a lawsuit under Title VII must first file a charge with the EEOC alleging a Title VII violation within 300 days of the alleged unlawful employment practice and exhaust all remedies provided by the EEOC. *Virgo v. Riviera Beach Assocs*., 30 F.3d at 1358; *see* 42 U.S.C. § 2000e-5(e)(1). This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. *Id.* Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. *Id.*

Here, the Complaint fails to allege that Plaintiff filed a charge against RealCo with the EEOC within 300 days of her termination on March 30, 2016. Nor does Plaintiff allege that the FCHR was notified of any EEOC decision pursuant to 42 U.S.C. § 2000e-5(c). Because the Complaint therefore does not establish that Plaintiff exhausted her administrative remedies against RealCo with the EEOC before she filed her Title VII Complaint against RealCo, her claims against RealCo must be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies. *See McClure v. Oasis Outsourcing II, Inc.*, 2016 U.S. App. LEXIS 23375 (11th Cir. Dec. 29, 2016) (unpublished) (where ADA plaintiff did not name employer in EEOC notice of charge, plaintiff failed to exhaust administrative remedies and alleged employer who was not named in EEOC charge of discrimination and was not afforded opportunity to participate in re-

conciliation process could not be sued; "Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, and this includes the duty to exhaust administrative remedies."); *e.g.*, *Reed v. Winn Dixie, Inc.*, 2017 U.S. App. LEXIS 1514, *8 (11th Cir. Jan. 27, 2017) (unpublished); *see also Crawford v. Babbitt*, 186 F.3d 1322, 1326-27 (11th Cir. 1999).

The requirement of exhaustion of administrative remedies also applies to Plaintiff's state law civil rights claim under FCRA. *See* FLA. STAT. § 760.07 ("If the statute prohibiting unlawful discrimination provides an administrative remedy, the action for equitable relief and damages provided for in this section may be initiated only after the plaintiff has exhausted his or her administrative remedy"); *see also Garcia v. Baptist Health S. Fla., Inc.*, 2013 U.S. Dist. LEXIS 23209, *6 (S.D. Fla. Feb. 19, 2013). As with most federal discrimination claims, before filing a lawsuit alleging a violation of FCRA, the aggrieved party must first file an administrative charge with the Florida Human Relations Commission and exhaust all administrative remedies. *Armstrong v. Lockheed Martin Beryllium Corp.*, 990 F. Supp. 1395, 1399 (M.D. Fla. 1997).; *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995); *Ali v. City of Clearwater*, 807 F. Supp. 701, 703 (M.D. Fla. 1992); FLA. STAT. § 760.07.

Here, the Complaint is completely devoid of any allegations that Plaintiff ever filed a charge against RealCo under FCRA with the Florida Human Relations Commission, or that she has exhausted her administrative remedies under Florida law. Because Plaintiff has thus failed plead that she has exhausted her administrative remedies, as FLA. STAT. § 760.07 requires before filing a civil lawsuit, her Second Claim for Relief should also be dismissed. *See Matthews v. Village Ctr. Community Dev. Dist.*, 2006 U.S. Dist. LEXIS 8164, *9 (M.D. Fla. Feb. 13, 2006).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint against RealCo under

Rule 12(b)(6) because it fails to state a plausible claim for relief, and because Plaintiff failed to

exhaust her state and federal administrative remedies against RealCo before bringing this action.

Respectfully submitted this 4th day of May, 2017.

**GORDON & REES LLP**

*/s/ Amy. M. Darby*

Amy M. Darby, (Admitted: Bar No FL111128)
Gordon & Rees LLP
400 N. Tampa Street, Suite 2800
Tampa, Florida 33602
Tel: (813) 444-9700
Fax: (813) 377-3505
E-mail: adarby@gordonrees.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing **DEFENDANT REALCO CAPITAL PARTNERS II, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to counsel referenced below, this 4th day of May, 2017, addressed to:

Michael A. Serrano, Esq.
The Law Firm of Michael A. Serrano, P.A.
25275 Wesley Chapel Blvd.
Lutz, FL 33559
mike@mikeserranolaw.com

*s/ Amy M. Darby*