# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KRISTIN COTO,

    Plaintiff,

v.                               Case No. 8:17-cv-704-T-30MAP

CARDINAL GROUP MANAGEMENT &
ADVISORY, LLC d/b/a CARDINAL
GROUP MANAGEMENT MIDWEST LLC
and REALCO CAPITAL PARTNERS II,
LLC,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant RealCo Capital Partners II, LLC's Motion to Dismiss for Failure to State a Claim (Dkt. 10) and Plaintiff Kristin Coto's Response in Opposition (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that RealCo's motion should be denied.

## BACKGROUND

Plaintiff alleges pregnancy and gender discrimination under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act ("FCRA") against both Defendants, Cardinal Group Management and Advisory, LLC and RealCo Capital Partners II, LLC. Plaintiff's amended complaint states that Defendants operated as her joint employer. Specifically, during the relevant time, Cardinal managed residential properties, including Campus Club USF LLC and College Court USF LLC (the "subject properties") and RealCo

was the owner of the subject properties. At all material times, Plaintiff was employed as a Community Manager for the subject properties.

Plaintiff alleges that in 2016, RealCo informed Plaintiff that it planned on selling the properties she managed. RealCo requested that Plaintiff remain the Community Manager throughout the process of the sale because of her "hard work and her exceptional job with the properties." Around this same time, Plaintiff advised Defendants that she was pregnant. On or about February 15, 2016, Cardinal's human resources employee sent Plaintiff an e-mail outlining the procedures for a proposed maternity leave.

In March 2016, Plaintiff received her first write up from Cardinal for an alleged failure to reach her leasing goals. This write up was received just days after Plaintiff had received an e-mail from Cardinal's National Trainer congratulating Plaintiff on receiving a 100 percent score on a work-related goal.

After receiving the write up, Plaintiff reached out to her supervisors to determine how many write ups would result in her termination and to receive assistance with achieving her leasing goals. Defendants ignored Plaintiff. Plaintiff alleges that Defendants provided assistance to other Community Managers to help them achieve their leasing goals during the relevant time.

On March 28, 2016, Plaintiff spoke to Thomas Holtman, RealCo's Director of Construction and Operations, and confided in him that she was concerned for her future employment with Defendants. During this conversation, Holtman informed Plaintiff that her

maternity leave was "very bad timing."  That same day, Plaintiff received a second write up from Cardinal for her purported failure to reach her leasing goals.

On March 30, 2016, Plaintiff's employment with Defendants was terminated.  The reason stated was her failure to meet her leasing goals, for which she had received two write ups.  Plaintiff claims that other Community Managers similarly failed to meet their leasing goals but were not terminated.  Plaintiff alleges violations of Title VII and the FCRA because Defendants' real reason for terminating her was based on her pregnancy.

The amended complaint states that, prior to filing this action, Plaintiff timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was duly filed with the Florida Commission on Human Relations ("FCHR").  On or about January 3, 2017, the EEOC issued a Notice of Right to Sue.  Plaintiff filed this action on March 27, 2017, less than ninety days after her receipt of the Notice of Right to Sue.

RealCo moves to dismiss Plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  RealCo makes two arguments: (1) it was not a "joint employer" and (2) Plaintiff failed to exhaust her administrative remedies with respect to RealCo.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and

view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**I.     Whether RealCo Was Plaintiff's "Joint Employer"**

RealCo argues that the amended complaint does not establish that it was Plaintiff's joint employer. It is possible for two or more businesses to be held liable for violations of Title VII under the "joint employer" theory of recovery. *See Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1359-61 (11th Cir. 1994). To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. *See id.* at 1360. Courts usually make such a determination by analyzing: (1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation. *See Llampallas v. Mini-Circuits, Inc.,* 163 F.3d 1236, 1245 (11th Cir.1998). The Eleventh Circuit has also instructed that when discrimination is based on an adverse employment decision, the district court must look beyond a mere corporate shield and analyze a joint employer theory that "concentrate[s]

on the degree of control an entity has over the adverse employment decision on which the Title VII suit is based." *Id.* at 1244-45.

At this stage, Plaintiff has adequately alleged a joint employer relationship between Cardinal and RealCo. Plaintiff alleges that, during the relevant time, RealCo was the owner of the subject properties where Plaintiff worked and both Cardinal and RealCo shared management decisions and supervisory duties with respect to Plaintiff's employment. Plaintiff further avers that RealCo is the entity that requested Plaintiff to remain as the Community Manager throughout the process of the sale of the subject properties. And that right before her termination, RealCo's Director informed Plaintiff that her pregnancy was "very bad timing."

In sum, the allegations are sufficient to establish a joint employer relationship between RealCo and Cardinal for purposes of Title VII liability. RealCo's arguments to the contrary miss the mark at this stage because they are more akin to the types of argument presented in a motion for summary judgment. RealCo may assert these arguments at the summary judgement stage after the parties have had an opportunity to uncover facts through discovery to support or refute Plaintiff's allegations. Accordingly, RealCo's motion to dismiss on the issue of whether it was Plaintiff's joint employer is denied.

## II. Whether Plaintiff Exhausted Her Administrative Remedies

RealCo argues that Plaintiff did not exhaust her administrative remedies with respect to RealCo. RealCo's argument is without merit at this stage. Plaintiff's amended complaint alleges that she exhausted her administrative remedies. And, in her response to RealCo's

motion, Plaintiff clarifies that, although her initial Charge of Discrimination did not include RealCo, Plaintiff amended the active Charge of Discrimination on September 14, 2016, to add RealCo as a Defendant. Notably, this was prior to the EEOC's Notice of Right to Sue, which was issued on January 3, 2017.

Plaintiff also states that at the November 8, 2016 mediation conference, which took place at the EEOC's Tampa office, it was clear that RealCo was involved in the EEOC proceeding. And that RealCo cannot feign surprise about this litigation because Cardinal and RealCo are represented by the same attorney. The Court agrees that, under these circumstances, RealCo was adequately notified of the EEOC charge. *See Virgo,* 30 F.3d at 1358-59 (noting that "courts liberally construe" the requirement to exhaust administrative remedies under Title VII). Accordingly, RealCo's motion to dismiss is denied with respect to this issue.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant RealCo Capital Partners II, LLC's Motion to Dismiss for Failure to State a Claim (Dkt. 10) is denied.

2. Defendant RealCo shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 7, 2017.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record